**\*\*NOT FOR PRINTED PUBLICATION\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| AGUSTIN CALDERON | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-142 |
| DEBORAH PHILLIPS, *et al.*, | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ACCEPTING REPORT AND RECOMMENDATION

Plaintiff, Agustin Calderon, an inmate formerly confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Deborah Phillips, Karen L. Little, Bruce A. Johnson, and Kenneth E. Hutto.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying plaintiff's Motion for Preliminary Injunction (docket entry no. 33).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed Objections on June 11, 2021 (docket entry no. 36). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

The Magistrate Judge recommends denying plaintiff's Preliminary Injunction as plaintiff fails to discuss the likelihood of success on the merits of his claims, fails to discuss a substantial threat of irreparable injury if the injunction is not issued, fails to discuss how the threatened injury outweighs any harm that may result from the injunction, and fails to argue that the injunction will not deserve the public interest. Report and Recommendation (docket entry no. 33). Plaintiff argues in his Objections that he continues to be exposed to second hand smoke from K-2 cigarettes smoked by his cellmate at the

Eastham Unit. Objections (docket entry no. 36). Plaintiff states he has complained but nothing has been done to move him to a new cell. *Id*.

An independent review of plaintiff's current housing status reveals that he is now incarcerated at the Byrd Unit.[1] The Fifth Circuit has explained that "[t]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *accord Hooten v. Jenne*, 786 F.2d 692, 697 n. 6 (5th Cir. 1986) (per curiam). When a motion for injunctive relief is moot, then dismissal of the claim is proper. *Hooten*, 786 F.2d at 697 n. 6. As such, plaintiff's Motion for Preliminary Injunction is rendered moot and should be dismissed.

## ORDER

Accordingly, plaintiff's Objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **PARTIALLY ACCEPTED** to the extent it recommends dismissal.

**So Ordered and Signed**
Jun 24, 2021

_Ron Clark_
Ron Clark
Senior Judge

---

[1] https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=07867974.