IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| AGUSTIN CALDERON | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-142 |
| DEBORAH PHILLIPS, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Agustin Calderon, an inmate currently confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Deborah Phillips, Karen L. Little, Bruce A. Johnson, and Kenneth E. Hutto.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Allegations

Plaintiff filed the above-referenced complaint on June 22, 2020 (Doc. #1). Plaintiff appeared to assert claims for a denial of access to courts, failure to process grievances, and violations of TDCJ policy. *Id*. Plaintiff sued the Defendants in their official capacity only. *Id*. On July 20, 2020, the undersigned entered a Report and Recommendation, recommending the complaint be dismissed for failure to state a claim and as frivolous (Doc. # 11). Plaintiff filed Objections to the Report and Recommendation on August 3, 2020 and August 12, 2020 (Doc. #s 14 & 15). In his Objections, Plaintiff stated he was seeking emergency preliminary injunctive relief and was not seeking monetary

damages. In light of the Objections, the undersigned withdrew the Report and Recommendation and entered an Order to Replead, asking the following questions:

1. You appear to be contesting a disciplinary conviction. Have you filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging that conviction? Has it been overturned?

2. Are you eligible for mandatory supervision? Did you lose any good conduct time as a result of this disciplinary conviction?

Order to Replead (Doc. # 19).

Plaintiff filed an Amended Complaint on February 1, 2020 (Doc. # 25). Plaintiff clarified again he was only seeking preliminary injunctive relief and is contesting the false allegations made against him for sexual misconduct in Disciplinary Conviction # 20190265963 and refusal to accept housing in Disciplinary Conviction # 20200208356. *Id*. Plaintiff asserts the Defendants violated state law, failed to follow TDCJ policy and denied him due process during the disciplinary hearing process. *Id*. Plaintiff argues the Defendants violated his constitutional rights when they failed to process his grievances contesting the disciplinary conviction. *Id*. Ultimately, Plaintiff contends he has been denied access to courts through TDCJ's failure to properly process his grievances. *Id*. For relief, Plaintiff requests this court dismiss the disciplinary convictions. *Id*. Plaintiff did not answer whether he contested this disciplinary convictions through a writ of habeas corpus but confirmed he is incarcerated under a life sentence without parole. *Id*.

## Standard of Review

This complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of claims if the Court finds they are frivolous or malicious or if they fail to state a claim upon which relief may be granted or if they seek monetary

relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## Analysis

*Injunctive Relief*

Plaintiff's Motion for Preliminary Injunctive Relief is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the status quo of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

It is well settled that a party must prove four elements to be entitled to a temporary restraining order and/or preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th

Cir. 1995), *cert. denied*, 516 U.S. 1166 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Ass'n of Lubbock v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir. 1987), *cert. denied*, 484 U.S. 821 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction and/or temporary restraining order is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir 1985)). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)).

Plaintiff does not discuss the substantial likelihood of success on the merits nor has he argued, let alone shown, a substantial threat of irreparable injury if the injunction is not issued. Furthermore, Plaintiff has not discussed how the threatened injury outweighs any harm that may result from the injunction nor has he shown that the injunction will not disserve the public interest. Regardless, Plaintiff cannot establish a substantial likelihood of success on the merits of his claims.

While prisoners have a constitutionally protected right of access to the courts, "[t]his right of access for prisoners is not unlimited." *See Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817 (1977); *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356). Furthermore, prisoners must demonstrate actual injury in order to show that their right of access to the courts was denied. *See Lewis*, 518 U.S. at 348-52. Here, a review of the Public

Access to Courts Electronic Records ("PACER") reveals that Plaintiff has yet to actually challenge these disciplinary convictions through a habeas petition in federal court and thus cannot show that his access to courts was impeded. As Plaintiff cannot show an actual injury, Plaintiff's claim for a denial of access to courts fails on the merits.

Furthermore, Plaintiff cannot succeed on the merits of a claim for a failure to process his grievances or for violations of TDCJ policy. Prisoners have liberty interests only in "freedom[s] from restraint . . . impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404, F.3d 371, 373-74 (5th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Prisoners do not have a federally protected liberty interest in having grievances addressed and resolved to their satisfaction. *See id.* at 374 (holding that prisoner did not have liberty interest, of kind protected by Due Process Clause of Fourteenth Amendment, in having grievance against mail room and security staff of prison, for allegedly withholding and ultimately losing some of his mail, resolved to his satisfaction). Moreover, a prisoner does not have a constitutional entitlement to an adequate grievance procedure. *See, e.g., Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that there is no constitutional right to participate in grievance procedures); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (holding inmates do not have constitutional right to adequate grievance procedure; any right to inmate grievance procedure is procedural, not substantive, right and, thus, state's inmate grievance procedures do not give rise to liberty interest protected by due process clause); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding inmates do not have a constitutional right to participate in grievance procedures). Although an adequate grievance procedure is a condition precedent to filing a suit arising under § 1983, *see* 42 U.S.C. § 1997e(a), its ineffectiveness or

altogether absence does not give rise to a constitutional claim. Thus, any alleged violation of the grievance procedure as alleged in Plaintiff's complaint does not amount to a constitutional violation.

Finally, Fifth Circuit case law is clear that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met. *Giovanni v. Lynn*, 48 F.3d 908, 912-13 (5th Cir.), *cert. denied*, 516 U.S. 860 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Even assuming that the Defendants violated TDCJ-CID regulations regarding the grievance procedure, Plaintiff has failed to establish a violation of constitutional rights. A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired. *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999).

The mere failure to comply with prison rules and regulations does not, without more, give rise to a constitutional violation. *Meyers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A prison official's failure to follow state regulations does not establish a constitutional violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251-51 (5th Cir. 1989). Plaintiff's claim that his due process rights were violated by the failure of prison officials to comply with prison regulations lacks an arguable basis in law, because, in light of *Sandin v. Conner*, 515 U.S. 472 (1995), plaintiff has no created liberty interest in the regulations of the Texas Department of Criminal Justice – Correctional Institutions Division.

Because Plaintiff cannot succeed on the merits of his claims, Plaintiff's request for preliminary injunctive relied should be denied.

<u>Recommendation</u>

Plaintiff's request for preliminary injunctive relief should be denied and this civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim as frivolous.

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Serv. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 25th day of March, 2022.

Zack Hawthorn
United States Magistrate Judge